UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLYDE E. SOPHUS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2619 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Clyde Sophus is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He was convicted in the 262nd Judicial District Court of Harris County, Texas of two counts of aggravated robbery, and sentenced to concurrent 30 year terms of imprisonment. He was subsequently convicted in the 12th Judicial District Court of Madison County, Texas of possession of a weapon in a penal institution and sentenced to a consecutive four year term of imprisonment. He does not challenge these convictions, but contends that the TDCJ has incorrectly extended his sentence based on the Madison County conviction and forfeited street credit time.

Sophus filed the instant petition on August 24, 2017. Respondent moved for summary judgment on the grounds that the petition is successive and is time-barred. Sophus did not respond to the motion.

A. Successive Petition

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals

before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Sophus filed a prior petition raising the same issues. *See Sophus v. Dretke*, No. 4:05-cv-1694. That petition was dismissed on October 19, 2005. Because these claims have already been raised and rejected in a federal habeas corpus petition, Sophus' current petition is successive.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Because this Court lacks jurisdiction to consider Sophus' petition, the petition must be dismissed for lack of subject matter jurisdiction.

B.  Certificate of Appealability

Sophus has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Sophus' petition. This Court concludes that jurists of reason would not find it debatable that Sophus' petition is successive. Therefore, Sophus is not entitled to a certificate of appealability.

For the foregoing reasons, it is ORDERED that respondent's motion for summary judgment (Doc. # 19) is GRANTED. It is FURTHER ORDERED that petitioner Clyde E. Sophus' petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, and that no certificate of appealability shall issue.

It is so ORDERED.

SIGNED on this 26th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge